# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORY WATTS, | ) 1:14cv00329 DLB PC |
| | ) |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT |
| | ) WITH LEAVE TO AMEND |
| vs. | ) |
| | ) THIRTY-DAY DEADLINE |
| S. ACEVES, | ) |
| | ) |
| Defendant. | ) |

Plaintiff Tory Watts ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on March 10, 2014.  He names Pleasant Valley State Prison ("PVSP") Correctional Officer S. Aceves as the sole Defendant.[1]

## A.    SCREENING STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

---

[1] On March 24, 2014, Plaintiff consented to the jurisdiction of the United States Magistrate Judge.

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.**     **FACTUAL ALLEGATIONS**

Plaintiff is currently incarcerated at PVSP, where the events at issue occurred.

Plaintiff alleges that on August 19, 2013, he was stopped by Defendant Aceves. Defendant Aceves conducted a clothed body inspection and confiscated a black 4x6 phone book

which was labeled, "Confidential Law Documents." ECF No. 1, at 3. Plaintiff states that the book contained indispensable information related to pending and anticipated legal actions. He states that it took him eleven years to obtain the information, and that it will be nearly impossible for him to replace on his own.

Plaintiff contends that after the "intentional larceny" of his personal property, Defendant Aceves refused to give him a written notice of the confiscation. ECF No. 1, at 3. Plaintiff alleges that Defendant Aceves told him that if he continued to ask her for the documents, she would make sure that Plaintiff never saw the documents again.

Plaintiff filed an inmate appeal the next day requesting return of his book. On December 8, 2013, Defendant Aceves was interviewed and she admitted to "throwing away and/or losing 'ALL' of [his] legal documents that were illegally confiscated." EFC No. 1, at 4.

Plaintiff attaches his inmate appeal as an exhibit to the complaint. In the First Level Response dated December 25, 2013, the reviewer referred to Defendant Aceves' December 8, 2013, interview. Defendant Aceves told the interviewer that she did not issue a property receipt because she was preoccupied with conducting searches of the Housing Unit at the time. When asked if she returned the property to Plaintiff, she stated that she did not. Defendant Aceves said that she went home on her Regular Days Off, and when she returned, Plaintiff's property was gone and she could not find it. Defendant Aceves said that she did not know that the book contained confidential/legal documents.

The First Level Response determined that staff was liable for the loss of his address book, though Plaintiff's claim that the book was a legal document was unsubstantiated. Plaintiff was offered compensation for his lost book, but he declined.

Plaintiff requests monetary damages based on the intentional theft of his address book.

**C.   <u>DISCUSSION</u>**

The Due Process Clause protects prisoners from being deprived of property without due process of law, <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974), and prisoners have a protected

interest in their personal property, <u>Hansen v. May</u>, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, <u>see</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 532, n.13 (1984) (citing <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422, 435-36 (1982)); <u>Quick v. Jones</u>, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available,"  <u>Hudson</u>, 468 U.S. at 533.

Here, Plaintiff's allegations are based on Defendant Aceves alleged improper confiscation of his address book.  Plaintiff alleges that Defendant Aceves ultimately lost his property.  Based on Plaintiff's allegations, it appears that he is challenging an unauthorized, intentional deprivation of property.  Plaintiff has an adequate post-deprivation remedy under California law and therefore, his attempt to pursue a claim under federal law for the loss of his property fails as a matter of law.  <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§810-895).

Moreover, even if the confiscation of Plaintiff's address book was an authorized, intentional deprivation, he fails to allege any facts supporting a claim that he was denied the procedural process he was due.  The fact that Plaintiff's personal property was confiscated and has yet to be returned, alone, is not sufficient to support a plausible due process claim.  <u>Nevada Dept. of Corrections v. Greene</u>, 648 F.3d 1014, 1019 (9th Cir. 2011).

Plaintiff will be afforded an opportunity to amend, if he can do so in good faith.

**D.   <u>CONCLUSION AND ORDER</u>**

For the reasons discussed above, Plaintiff's complaint fails to state a claim for which relief may be granted.  The Court will grant Plaintiff an opportunity to amend, though it is unclear whether Plaintiff can state a claim for relief.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere respondeat superior, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend;

2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.    Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 13, 2014**                          /s/ Dennis L. Beck
                                                      UNITED STATES MAGISTRATE JUDGE