# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORY WATTS,<br><br>        Plaintiff,<br><br>   vs.<br><br>S. ACEVES,<br><br>        Defendant. | 1:14cv00329 DLB PC<br><br>ORDER DISMISSING AMENDED<br>COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Tory Watts ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 10, 2014. Pursuant to Court order, he filed a First Amended Complaint on August 28, 2014. He names Pleasant Valley State Prison ("PVSP") Correctional Officer S. Aceves as the sole Defendant.[1]

**A.   SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] On March 24, 2014, Plaintiff consented to the jurisdiction of the United States Magistrate Judge.

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service,

572F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.    **FACTUAL ALLEGATIONS**

Plaintiff is currently incarcerated at PVSP, where the events at issue occurred.

Plaintiff alleges that on August 19, 2013, Defendant Aceves took a black 4x6 address book which was labeled, "Confidential Law Documents," during a body inspection.  ECF No. 7, at 3.  Plaintiff told her that the book contained indispensable legal material, not numbers.  She placed the address book inside her pocket and told Plaintiff that he had earned a cell cleaning.  Defendant then searched his cell and took additional items, such as a CD player and food.

Plaintiff approached her and told her that he only cared about his address book because he needed the information for his case.  Defendant Aceves said, "I see you're not argumentative when I have something you want," and told Plaintiff to get out of her face.  ECF No. 7, at 4.

Towards the end of her shift, Plaintiff approached her again about the return of his address book, but Defendant ignored him.  She placed all of the items from Plaintiff's cell into her locker and walked out with his address book.

The next morning, she arrived at work and returned Plaintiff's identification card.  After breakfast, Defendant called Plaintiff to the podium and returned all of his property except for the address book.  Plaintiff asked her where his documents were and she said, "that's all I'm giving to you."  ECF No. 7, at 5.  Plaintiff told her to give him his legal materials or call the sergeant.  Defendant told Plaintiff that if he asked her again, she'd make sure that he never saw it.

Plaintiff submitted an inmate request form and tried to talk to Defendant's superior.  Plaintiff failed to get his attention, however.  Defendant then approached Plaintiff and told him that he could "kiss [his] little papers goodbye."  ECF No. 7, at 5.  She told Plaintiff to never go over her head when she gives him an order.  When Defendant left that afternoon, she had

Plaintiff's documents in her hand as she walked out the door.  Plaintiff never saw them again and argues that Defendant is responsible for the theft and destruction of his legal documents.

Plaintiff alleges a violation of his right to access the courts.  He requests monetary damages for violation of his civil rights and intentional theft of his legal/personal property.

**C.     DISCUSSION**

1.      Access to Courts

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation."  Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012); Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Plaintiff alleges that Defendant violated his right to access the courts when she took his address book.  However, while he references "his case," he does not provide any specific information to support an actual injury.  Defendant's alleged taking of his legal papers, without actual injury to a legal proceeding, is insufficient to state a claim under the First Amendment.

Plaintiff therefore fails to state a claim under the First Amendment.  Plaintiff will be permitted to amend this claim.

2.      Due Process

Plaintiff requests monetary damages for the intentional theft of his property.  However, as the Court explained in the prior screening order, there is no redress under section 1983 for the unauthorized deprivation of property.  Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("[a]n

4

unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."

This deficiency cannot be cured by amendment.

**D.      CONCLUSION AND ORDER**

For the reasons discussed above, Plaintiff's amended complaint fails to state a claim for which relief may be granted.  The Court will grant Plaintiff one **final** opportunity to amend. Plaintiff may only amend the First Amendment claim.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere respondeat superior, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's amended complaint is dismissed, with leave to amend;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **February 11, 2015**              /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE