# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORY WATTS, | ) 1:14cv00329 DLB PC |
| Plaintiff, | ) ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND |
| vs. | ) |
| S. ACEVES, | ) |
| Defendant. | ) |

Plaintiff Tory Watts ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 10, 2014. Pursuant to Court order, he filed a First Amended Complaint on August 28, 2014, and a Second Amended Complaint on March 2, 2015. He names Pleasant Valley State Prison ("PVSP") Correctional Officer S. Aceves as the sole Defendant.[1]

**A. SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] On March 24, 2014, Plaintiff consented to the jurisdiction of the United States Magistrate Judge.

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service,

572F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.    **FACTUAL ALLEGATIONS**

Plaintiff is currently incarcerated at PVSP, where the events at issue occurred.

Plaintiff alleges that he was denied access to the courts because he was "denied [his] ability to access the courts with the necessary documentations by which would have enabled me to reestablish my admittance to the courts in respects [sic] to legal proceedings."  ECF No. 9, at 3.

Prior to the incident,[2] Plaintiff's innocence had been under investigation with the California Innocence Project since 2008.  Plaintiff contends that the information taken by Defendant Aceves was indispensable to establishing "what [his] First Amendment rights protect."  ECF No. 9, at 4.

Plaintiff admits that there is no way of knowing whether these documents would have ensured his freedom, but he argues that Defendant's deprivation of Plaintiff's ability to discover this was prejudicial in and of itself.

Plaintiff further alleges that his failure to get the documents to the Innocence Project resulted in the program dropping his case.  At that time, Plaintiff's direct appeal had been exhausted, and his only avenue for review was under a "newly discovered evidence" claim.  Plaintiff explains, "and that's what those documents were that were taken, evidence which wasn't heard in my trial."  ECF No. 9, at 4.

---

[2] Plaintiff's Second Amended Complaint omitted much of the factual information supporting his access to the court claim.  In his First Amended Complaint, he explained that in August 2013, Defendant Aceves took an address book labeled "Confidential Law Documents," during a body inspection.  Defendant Aceves refused to return the documents.

3

## C.  **DISCUSSION**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012); Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Plaintiff does not include any of the factual allegations that linked Defendant Aceves to his alleged denial of access claim. Rather, he seems to respond only to the Court's prior directive that he had to provide specific information to support an actual injury.

In any event, Plaintiff's allegations continue to be insufficient to state a claim. Plaintiff contends that the legal documents taken impacted the investigation of his case by the California Innocence Project. He also suggests that the documents may have constituted new evidence which could have supported another attack on his conviction. Indeed, Plaintiff admits that he does not know whether the documents would have made a difference, and he does not tell the Court what information the documents contained. Plaintiff therefore offers nothing other than speculation about what the documents may have shown. Such speculative allegations cannot establish actual injury. See Madrid v. Gomez, 190 F.3d 990, 995-96 (9th Cir.1999) (quoting Lewis v. Casey, 518 U.S. 343, 351 (1996)).

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted). Plaintiff has

not alleged any plausible basis for his belief that Defendant's alleged confiscation of his legal documents caused any actual injury.

Plaintiff therefore fails to state a claim under the First Amendment.

**D.    CONCLUSION AND ORDER**

For the reasons discussed above, Plaintiff's Second Amended Complaint fails to state a claim for which relief may be granted.  Plaintiff has been given two opportunities to correct the deficiencies, but he has failed to do so.  The Court's prior screening order indicated that this would be Plaintiff's final opportunity to amend, and further leave to amend is not warranted.

Accordingly, it is HEREBY ORDERED that Plaintiff's action is DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim for which relief may be granted.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:    **July 17, 2015**                             /s/ *Dennis L. Beck*
                                                       UNITED STATES MAGISTRATE JUDGE

5