# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORY WATTS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>S. ACEVES,<br><br>　　　　Defendant. | 1:14cv00329 DLB PC<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR RECONSIDERATION<br><br>(Document 12) |

　　　Plaintiff Tory Watts ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on March 10, 2014.[1]

　　　Pursuant to Court order, he filed a First Amended Complaint on August 28, 2014, and a Second Amended Complaint on March 2, 2015.  On July 17, 2015, the Court dismissed the Second Amended Complaint without leave to amend for failure to state a claim for which relief may be granted.

///

///

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on March 24, 2015.

1

On August 10, 2015, Plaintiff filed a motion for reconsideration of the dismissal.

A.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted).  The moving party must demonstrate both injury and circumstances beyond his control.  *Id.* (quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

B.     **DISCUSSION**

The Magistrate Judge dismissed Plaintiff's Second Amended Complaint without leave to amend because Plaintiff failed to demonstrate an actual injury to support his access to the court claim.  Rather, Plaintiff presented only speculation.  In dismissing, the Court also noted that Plaintiff did not file a complete complaint, and appeared to have only responded to the deficiencies identified by the Court.

In his motion, Plaintiff explains to the Court that the legal book taken by Defendant Aceves contained the name of a witness who was going to provide exculpatory evidence on his behalf in an active case.  Plaintiff also states that he did not understand that he had to provide a complete complaint when he amended, though he understands the requirement now.

Giving Plaintiff the benefit of the doubt, and considering his status as a pro se litigant, the Court will GRANT Plaintiff's motion for reconsideration and permit him a final opportunity to file a **complete** amended complaint.  Plaintiff's amended complaint shall be due within thirty

(30) days of the date of service of this order.  Plaintiff's amended complaint will be subject to screening pursuant to 1915(A)(a).

<u>Failure to follow this order will result in dismissal of this action.</u>

IT IS SO ORDERED.

Dated:   **September 1, 2015**                             /s/ *Dennis L. Beck*
                                                                            UNITED STATES MAGISTRATE JUDGE

3