**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORY WATTS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>S. ACEVES,<br><br>　　　　Defendant. | Case No. 1:14-cv-00329 DLB PC<br><br>ORDER DISMISSING THIRD AMENDED COMPLAINT WITHOUT LEAVE TO AMEND |

Plaintiff Tory Watts ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 10, 2014. Pursuant to Court order, he filed a First Amended Complaint on August 28, 2014, and a Second Amended Complaint on March 2, 2015.

On July 17, 2015, the Court dismissed the Second Amended Complaint without leave to amend. The Court subsequently granted Plaintiff's motion for reconsideration and he filed a Third Amended Complaint on July 21, 2015. He names Pleasant Valley State Prison ("PVSP") Correctional Officer S. Aceves as the sole Defendant.[1]

**A.    SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

---

[1] On March 24, 2014, Plaintiff consented to the jurisdiction of the United States Magistrate Judge.

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///

///

///

**B.     FACTUAL ALLEGATIONS**

Plaintiff is currently incarcerated at PVSP, where the events at issue occurred.

Plaintiff alleges that on August 19, 2013, Defendant Aceves took his black address book while conducting a body search. This book held Plaintiff's legal materials, summary of his case, his attorney's address and phone number and the names of victims and witnesses. One of these witnesses was going to provide exculpatory testimony on Plaintiff's behalf.

After Plaintiff explained that the book contained legal documents pertaining to an active case, Defendant Aceves said, "Congratulations! You've earned yourself a cell cleaning." ECF No. 14, at 3. Defendant Aceves then searched Plaintiff's cell and took additional miscellaneous items.

Plaintiff approached Defendant Aceves and told her that all he really cared about was the address book because the book holds "irretrievable evidence of [his] innocence." ECF No. 14, at 3. She replied, "I see you're not argumentative when I have something you want." ECF No. 14, at 3.

Towards the end of her shift, Defendant Aceves placed the miscellaneous items she had taken from Plaintiff's cell into a locker. She left with Plaintiff's legal documents in her hand. Defendant Aceves called Plaintiff to the podium and handed him a clear bag with his property inside. Plaintiff asked for his legal documents and Defendant Aceves said, "that's all I'm giving you." ECF No. 14, at 3.

Plaintiff submitted an inmate request for interview and made an attempt to speak with Defendant Aceves' superior, but Plaintiff failed to get his attention. Defendant Aceves then approached Plaintiff and said, "You can kiss your little papers goodbye. Don't ever try and go over my head when I give an order." ECF No. 14, at 3.

When she left on the evening of August 20, 2013, Defendant Aceves had Plaintiff's legal documents in her hand as she walked out the door.

Prior to this incident, Plaintiff's case was being investigated by the California Innocence Project. Plaintiff contends that the information that Defendant Aceves took was critical to his defense and appeal.

///

## C. DISCUSSION

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012); Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Plaintiff alleges that Defendant Aceves took legal documents that were critical to his appeal. Specifically, he contends that the book contained the name of a witness who would have provided exculpatory testimony on Plaintiff's behalf. The Ninth Circuit has long recognized that inmates have a right to litigate claims challenging their sentences or the conditions of their confinement without active interference by prison officials. Silva, 658 F.3d at 1103. Such interference includes confiscation of an inmate's legal materials for an extended period of time. See eg. Vigliotto v. Terry, 873 F.2d1201, 1202-1203 (9th Cir.1989) (a defendant is deprived of due process if prison authorities confiscate the transcript of his state court conviction before appeal); see also DeWitt v. Pail, 366 F.2d 682, 685 (9th Cir.1966) ("When the efforts of a state prisoner to obtain an available appellate review of his conviction are frustrated by the action of penal officials, there has been a violation of the Due Process Clause of the Fourteenth Amendment").

In such cases, however, an inmate must still establish and actual injury, which is more than a generalized harm to a prisoner's case. See Hearns v. Hedgepeth, 2015 WL 4999513, *3 (N.D. Cal. 2015); Nevada Dep't of Corr., 648 F.3d at 1018 (citing Lewis, 518 U.S. at 348, 351). To satisfy the actual injury requirement, a plaintiff must allege facts showing that he or she "could not present a claim to the courts because of the [Defendants'] failure to fulfill [their] constitutional obligations." Allen v. Sakai, 48 F.3d 1082, 1091 (9th Cir.1994); see also Ryland v. Shapiro, 708 F.2d 967, 1264 (5th Cir.1983) ("[a] plaintiff cannot merely guess that a state court remedy will be ineffective because of a defendant's actions. Rather, the plaintiff must present evidence that the defendant['s]

4

actions actually rendered any available state court remedy ineffective."). The injury must is concrete and demonstrable, not merely hypothetical. See Hernandez v. Broin, 2012 WL 2327645 (N.D. Cal. June 19, 2012) ("A plaintiff cannot merely guess that a state court remedy will be ineffective because of a defendant's actions.") (citation omitted). In sum, unless a plaintiff can show an actual injury, such as that "a complaint he prepared was dismissed" or that Defendants' conduct rendered him "unable even to file a complaint," he lacks standing and his claim must be dismissed. Lewis, 518 U.S. at 351.

In his amended complaint, Plaintiff again fails to raise his allegations to a level sufficient to show actual injury. While he states that the information taken was "critical to [his] defense and appeal," and included a witness who was going to provide exculpatory evidence, his denial of access claim is based on his speculative conclusion that he can no longer challenge his sentence. ECF No. 14, at 4. In other words, Plaintiff has not filed an action that was subsequently dismissed because of the actions of Defendant Aceves, nor has he *even tried* to file an action. Rather than having concrete information as to the impact of Defendant Aceves' actions, Plaintiff has simply concluded, without evidence, that he has been prevented from filing an action. He therefore fails to allege that "the conduct led to the dismissal of a pending action, his inability to initiate an action, or any other detrimental consequence." Sellers v. Kirkregard, 2014 WL 7780969 (D. Mont. 2014).

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted). Plaintiff has not alleged any plausible basis for his belief that Defendant's alleged confiscation of his legal documents caused any actual injury.

Plaintiff therefore fails to state a claim under the First Amendment. He was informed of this deficiency in the prior screening orders but has failed to correct it.

## D. **CONCLUSION AND ORDER**

For the reasons discussed above, Plaintiff's Third Amended Complaint fails to state a claim for which relief may be granted. Plaintiff has been given three opportunities to correct the deficiencies, but he has been unable to do so. Further leave to amend is not warranted.

5

Accordingly, it is HEREBY ORDERED that Plaintiff's action is DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim for which relief may be granted.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated: **January 29, 2016**              /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE